## Buffum v. Sparhawk.

Upon a petition for leave to appeal from a decree of a judge of probate after sixty days, the petitioner must show that injustice has been done by the decree, or the petition will ·be dismissed.

An estate was inventoried at $4,333.92, of which about one half was real. The estate was insolvent.—*Held*, that these facts did not of themselves furnish evidence that a decree allowing $500 to the widow for her present support was erroneous.

PETITION for leave to appeal from a decree of a judge of probate. The petition set forth that the petitioners were severally creditors of the estate of John B. Sparhawk, late of Walpole, in the county of Cheshire, deceased, represented insolvent, and under the administration of George Allen, of said Walpole ; and that their respective claims against said estate had been examined and allowed by the commissioners of insolvency thereon ; that the inventory of said estate, as returned to the probate office for said county, was $2,186.50 real, and $2,147.42 personal ; that said inventory was returned to the probate court for said county, held on the first Tuesday of May, A. D. 1846, within about thirty days after the decease of said Sparhawk ; that at the same court a committee was appointed to assign to Adeline C. Sparhawk, the widow of said deceased, her dower in his estate, which had been duly assigned ; that at the same court the said estate was represented insolvent, and commissioners were appointed to examine and allow the claims of the creditors thereof ; and a decree was passed by the judge of probate, allowing to Adeline C. Sparhawk, the widow of said deceased, the sum of five hundred dollars out of the personal estate of said deceased, for her present support ; that at the time of the making of said decree, and for more than sixty days thereafter, the petitioners were each of them ignorant that any application for that purpose had been made, or any such decree passed ; and that for a long time afterwards

they had reason to believe that said estate was sufficient to pay all the debts of the deceased; that the petitioners were prevented appealing from said decree through mistake, accident or misfortune, until more than sixty days had elapsed from the passage of the same, and that injustice had been done to the petitioners by said decree; that the interest of the petitioners in said estate was as creditors as aforesaid, and that the cause of delay in appealing therefrom was that the petitioners did not know of the insolvency of said estate, or of the making of said decree, until more than sixty days from the making thereof; that the allowance made by the said judge of probate out of said estate to said Adeline C. Sparhawk was extravagant and excessive, and unjust to the creditors thereof—said estate being in fact deeply insolvent.

For these causes the petitioners prayed to be allowed to appeal from the decree, agreeably to the provisions of the statute.

The material facts stated in the petition were not controverted, except that there was evidence which tended to show that David Buffum, one of the petitioners, had actual notice of the decree of allowance to the widow within one week after the same was passed.

Evidence was also offered to prove that since the marriage of the said Adeline C. Sparhawk with the deceased, in 1818, property had been received by him, in her right, to the amount of $1,000, and converted to his use.

*Chamberlain*, for the petitioners.

*Wheeler*, for the petitionee.

GILCHRIST, C. J. The Revised Statutes (ch. 170) limit the time for taking an appeal from a probate decree, to sixty days from the making of the decree.

It is, however, provided (sec. 7) that "any person

aggrieved by any such decision, &c., who was prevented from appealing therefrom within said sixty days, through mistake, accident or misfortune, and not from his own neglect, may petition said Superior Court, at any time within two years thereafter, to be allowed an appeal, setting forth his interest, his reasons for appealing, and the causes of his delay."

" Sec. 9. If it shall appear that the petitioner has not unreasonably neglected to appeal, and that injustice has been done by the decision of the judge of probate, such appeal shall be allowed, heard and tried on such petition."

It is plain, from the words of the statute, that in order to sustain their petition the parties preferring it must show, in the first place, that they have been prevented from taking their appeal within the sixty days through mistake, accident or misfortune, and not from their own neglect; that they have not unreasonably neglected to appeal; and that injustice has been done them by the decision of the judge.

If it be conceded that there has been no neglect on the part of the petitioners, and that they have been prevented through misfortune from taking their appeal in season, it remains for them to show the court here that injustice has been done by the decree of the judge of probate.

As to this, nothing appears but that the real estate of the deceased was appraised at $2,186.50, and the personal at $2,147.42; that he died insolvent, and that the petitioners were creditors. There is nothing in these facts from which the court can infer that the allowance of five hundred dollars to the widow, for her present support, was excessive or unreasonable.

If the cause had come regularly before us in the form of an appeal, as in the case of *Washburn* v. *Washburn*, 10 Pick. 374, making it our duty to revise the case upon the evidence produced, these facts might not, perhaps, afford sufficient ground for affirming the decree. But it is a

very different thing for us to decide that the decree was wrong and ought to be reversed ; and we have no hesitation in saying that the case made by the petitioners does not furnish ground for such a decision.

These allowances are made by courts of probate in the exercise of a sound discretion, and in view of the condition of the widow as to health, age, habits, the number and age of. the children immediately dependent upon her, as well as the amount of the estate, and of her dower and distributive. share therein. Many of these circumstances were particularly adverted to in the case of *Washburn* v. *Washburn*, the decision of which proceeded upon statutes similar to ours.

The statute (ch. 165, sec. 1) authorizes the judge of probate to make a reasonable allowance to the widow out of the personal estate, for her present support; a part or the whole of which may, at the discretion of the judge, be accounted for as part of her distributive share.

Provision is thus made for charging the allowance to the account of the widow's distributive share, if, upon the settlement of the estate, such a course should seem equitable and just towards the other parties entitled to distribution. But no provision whatever is found for reclaiming such allowance actually paid over, and after the lapse of that period for which it was particularly designed as a relief.

We think it clear, therefore, that the petitioners have failed to show that injustice has been done by the decree, and that it ought to be reversed; consequently we are of the opinion that the petition should be dismissed.

*Petition dismissed.*